**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SUSIE ROBERTS,<br>　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-1221-20-0113-C-1<br>DA-1221-20-0113-X-1<br><br><br>DATE: April 29, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Debra D'Agostino, Esquire, and Erica Bilkis, Esquire, Washington, D.C.,
　　for the appellant.

Katherine Siereveld, Esquire, Cincinnati, Ohio, for the agency.

Mridula Tirumalasetti, Esquire, Kansas City, Kansas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The agency has filed a petition for review of the compliance initial decision, granting the appellant's petition for enforcement, finding that the agency materially breached the parties' settlement agreement. Because the administrative judge's finding of noncompliance was docketed as *Roberts v.*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Department of Justice*, MSPB Docket No DA-1221-20-0113-X-1, we JOIN the two matters under 5 C.F.R. § 1201.36 and address them both in this decision.[2] For the reasons discussed below, we DENY the agency's petition for review and AFFIRM the compliance initial decision, but, based on the agency's evidence on review, we FIND the agency in compliance, and we DISMISS the appellant's petition for enforcement as moot.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed a petition for enforcement of the parties' settlement agreement entered into *Roberts v. Department of Justice*, MSPB Docket No. DA-1221-20-0113-W-2, Appeal File, Tab 23,[3] alleging that the agency materially breached the agreement when it suspended her from duty without pay for 5 days based on alleged conduct that occurred before the parties entered into the agreement, Compliance File (CF), Tab 1. The administrative judge issued a compliance initial decision granting the appellant's petition for enforcement, finding that the agency materially breached the terms of the settlement agreement by suspending the appellant based on past conduct which the parties intended to resolve with the agreement. CF, Tab 9, Compliance Initial Decision (CID) at 11. Accordingly, the administrative judge ordered the agency to cancel the 5-day suspension, retroactively restore the appellant, and pay her the appropriate amount of back pay. CID at 12-13.

The agency has filed a petition for review. Petition for Review (PFR) File, Tab 1. On review, the agency challenged the underlying merits of the compliance initial decision, but nevertheless stated that it had taken steps to comply with the

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and will not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory requirement; therefore, we join them here.

[3] The administrative judge dismissed that appeal as settled and accepted the settlement agreement into the record for enforcement purposes. *Roberts v. Department of Justice*, MSPB Docket No. DA-1221-20-0113-W-2, Initial Decision (Oct. 28, 2020).

administrative judge's orders, including correcting the appellant's time and attendance records, restoring the appellant to duty, and processing her back pay and request to expunge her electronic personnel file. PFR File, Tab 1 at 4-12. The appellant responded in opposition to the agency's petition for review but did not dispute the agency's claims of compliance. PFR File, Tab 3.

The Office of the Clerk of the Board issued a show cause order, ordering the agency to submit evidence and argument addressing whether it fully complied with the administrative judge's orders in the compliance initial decision, and if so, to show cause as to why its petition for review should not be dismissed as moot. PFR File, Tab 6 at 2-3. The agency responded to the order, confirming that it had fully complied with the compliance initial decision, but arguing that the Board could still consider its petition for review challenging the underlying merits of the compliance initial decision.[4] PFR File, Tab 8 at 4-12. The appellant did not file a response to the show cause order or otherwise challenge the agency's assertions that it complied with the compliance initial decision.

On review, the agency disagrees with the administrative judge's finding that it breached the settlement agreement when it suspended the appellant from duty for 5 days. PFR File, Tab 1. However, we discern no basis for disturbing the administrative judge's well-reasoned findings on this issue.[5] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the

---

[4] The agency attached documentation to its response to the show cause order confirming that it had complied with the compliance initial decision. PFR File, Tab 8 at 8-24.

[5] If the agency wishes to challenge the validity of the settlement agreement on the basis of mutual mistake, such a claim is properly raised in a petition for review of the initial decision that dismissed the appeal pursuant to the settlement agreement. *See Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009); *see also Bruhn v. Department of Agriculture*, 124 M.S.P.R. 1, ¶ 18 (2016) (explaining that a party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake). We make no finding here, however, about the timeliness of any petition for review of the initial decision dismissing the appellant's appeal as settled.

evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The Board has held that it does not retain jurisdiction over a petition for enforcement once an agency has submitted evidence of compliance. *Garstkiewicz v. U.S. Postal Service*, 46 M.S.P.R. 689, 690 (1991); *Eikenberry v. Department of the Interior*, 39 M.S.P.R. 119, 120-21 (1988). As mentioned above, the agency submitted proof of compliance, and the appellant does not dispute such proof. Under the circumstances, we find that there is no effective relief that the Board can provide, and thus, this compliance matter is moot. *Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (explaining that an issue is moot when there is no effective relief that the Board can provide).

Based on the foregoing, we deny the agency's petition for review of the compliance initial decision, and we dismiss the appellant's petition for enforcement as moot.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.